FILED
DECEMBER 18, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PH   07 C 7113

JUDGE GRADY
MAGISTRATE JUDGE KEYS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------------x
:
VIRIDIAN SPIRITS LLC                    :       Civil Action No.:
:       _____
Plaintiff                   :
:       Judge:
v.                                      :
:       Magistrate Judge:
:
NEW HOLLAND BREWING COMPANY LLC         :
:       JURY TRIAL DEMANDED
Defendant                   :
:
---------------------------------------------------------------x

## COMPLAINT AND JURY DEMAND

Plaintiff Viridian Spirits LLC ("Viridian"), by its attorneys, for its complaint against Defendant New Holland Brewing Company LLC ("New Holland"), hereby alleges as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff Viridian is a New York limited liability company with a place of business at 435 E. 65th St., #14-D, New York, New York 10021.

2.      Defendant New Holland is a Michigan limited liability company located at 64 East 8th Street, Holland, Michigan 49423.

3.      This Court has jurisdiction because: (a) this is a civil action between citizens of different states in which the value of the matter in controversy exceeds the amount of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, in accordance with the provisions of 28 U.S.C. § 1332; (b) this is a civil action arising under the Trademark Laws of the United States, Section 43(a) of the Lanham Act, 15 U.S.C. §§

1114, 1125(a), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a); and (c) the plaintiff's state and common law claims are joined and related pursuant to 28 U.S.C. §§ 1367(a) and 1338(b).  Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

### Viridian's Mark

4. Viridian is a manufacturer, distributor, and seller of alcoholic beverages under the trademark LUCID.

5. Viridian's LUCID brand absinthe was presented at trade shows in April of 2007 and sold commercially in June of 2007, to much fanfare.

6. Viridian's LUCID brand absinthe represents the first time in almost 100 years that absinthe has been legally sold in the United States.  As a result, the launch of LUCID brand absinthe has received a great deal of media attention.

7. As a result, Viridian has built up a high degree of goodwill and consumer recognition in its LUCID mark.

9. On May 30, 2006, Viridian filed a United States trademark application for the LUCID Mark, Application Serial No. 78/896,353 for "alcoholic beverages, namely absinthe."  Registration issued on December 4, 2007, under Registration No. 3,350,254.  As a result, Viridian's rights in the LUCID mark date back, on a nationwide basis, to May 30, 2006.

10. On June 27, 2007, Viridian filed a United States trademark application for the LUCID Mark, Application Serial No. 77/217,187 for "distilled beverages."  That application is expected to issue into a registration within the next few months in connection with "distilled spirits."

11. Currently, Viridan is selling its LUCID product in interstate commerce, including in this judicial district.

**Defendants' Wrongful Acts**

12. On or about April 2, 2007, and long after Viridian's filing date of application SN 78/896,353, New Holland began distributing and selling beer under the name LUCID.

13. On information and belief, New Holland did not conduct a trademark search, or else it would have discovered Viridian's trademark filing.

14. On June 12, 2007, Viridian's counsel wrote to New Holland and informed it of Viridian's trademark rights in the LUCID Mark.

15. Despite repeated demands, and despite New Holland's counsel's acknowledgment, on July 20, 2007 that the use of LUCID by New Holland "likely" infringed Viridian's rights, New Holland has not, to this day, ceased use of the LUCID mark.

16. After receiving Viridian's letter notifying New Holland of Viridian's rights, New Holland continued and, to this day, continues to sell beer under the LUCID Mark.

17. New Holland's acts of infringement are willful, at least insofar as they continued to occur after New Holland received Viridian's counsel's June 12, 2007 letter.

18. New Holland's use of the LUCID Mark in connection with beer was, and is, without Viridian's consent or permission.

19. On information and belief, New Holland is currently selling beer under the LUCID mark in this judicial district.

## COUNT I
## TRADEMARK INFRINGEMENT

20. Viridian realleges the allegations of Paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. New Holland's use of the mark LUCID in connection with beer is likely to cause confusion, mistake, or deception as to the source of New Holland's or Viridian's products. Specifically, Defendant's use of the LUCID mark is likely to cause purchasers or others to mistakenly believe that the Defendant's products are legitimately connected with, sponsored by, or approved by Viridian, or that Viridian's products are connected with, sponsored by, or approved by Defendant.

22. New Holland's use of the mark LUCID in connection with beer violates Viridian's exclusive rights in its LUCID mark and constitutes trademark infringement in violation of Section 34 of the Lanham Act, 15 U.S.C. § 1114, and the common laws of various states, including Illinois.

23. New Holland's use of the LUCID Mark is greatly and irreparably damaging to Viridian and will continue to greatly and irreparably damage Viridian unless restrained by this Court. As a result, Viridian is without an adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION

24. Viridian realleges the allegations of Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. New Holland's use of the mark LUCID in connection with beer is likely to cause confusion, mistake, or deception as to the source of New Holland's or Viridian's

products. Specifically, the Defendant's use of the LUCID mark is likely to cause purchasers or others to mistakenly believe that the Defendant's products are legitimately connected with, sponsored by, or approved by Viridian, or that Viridian's products are connected with, sponsored by, or approved by Defendant.

26. New Holland's use of the mark LUCID in connection with beer violates Viridian's exclusive rights in its LUCID and constitutes trademark infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and the common laws of various states, including Illinois.

27. New Holland's use of the LUCID mark is greatly and irreparably damaging to Viridian and will continue to greatly and irreparably damage Viridian unless restrained by this Court. As a result, Viridian is without an adequate remedy at law.

## COUNT III
## DECEPTIVE TRADE PRACTICES, AND CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES IN VIOLATION OF ILLINOIS LAW

28. Viridian realleges paragraphs 1 -27 of this Complaint as though fully set forth herein.

29. New Holland intends that consumers rely on its deceptive acts.

30. New Holland's acts constitute deceptive trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, et. seq.

31. New Holland's acts constitute consumer fraud and deceptive business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1, et. seq.

32. New Holland's acts have proximately caused great and irreparable damage to Viridian and will continue to greatly and irreparably damage Viridian unless restrained by this Court. As a result, Viridian is without an adequate remedy at law.

**Prayer for Relief**

WHEREFORE, Viridian respectfully prays for an Order to be entered against Defendant as follows:

A. Preliminarily and permanently restraining and enjoining Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice thereof, jointly and severally:

    i. from using the mark LUCID on or in connection with beer or any other beverage;

    ii. from representing by any means whatsoever, directly or indirectly, that any products sold or services rendered by Defendant are associated with, sponsored by, and/or connected or affiliated with Viridian, or from otherwise taking any action likely to cause confusion, mistake or deception on the part of purchasers as to the origin or sponsorship of Defendant's products or services;

    iii. otherwise competing unfairly with Viridian in any manner;

    iv. using any words, names, styles, designs, titles, or marks that create a likelihood of injury to the business reputation of Viridian;

    v. continuing to perform in any manner whatsoever any of the acts complained of in this Complaint;

    vi. from causing, engaging in or permitting others to do any of the aforesaid acts.

B. Requiring Defendant to immediately recall from the trade and all distribution channels all products, packaging, advertising, and promotional materials bearing the mark LUCID;

C. Directing Defendant to deliver up to this Court by a date that the Court will direct, for impounding, destruction or other disposition, all materials bearing the

LUCID mark in the Defendant's possession, custody, or control, including, without limitation, all merchandise, transfer designs, packaging, package inserts, labels, signs, prints, wrappers, receptacles, advertising or other materials and the means for making or reproducing same, that violate the provisions of Paragraph A above, or any portion thereof.

   D.   Directing Defendant to file with the Court and serve on counsel for Viridian within thirty (30) days after entry of any preliminary or permanent injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendant has complied with the injunction.

   E.   Directing Defendant to account to Viridian for all gains, profits, and advantages derived from Defendants' wrongful acts above described.

   F.   Directing that Defendant pay Viridian such damages as Viridian has sustained as a consequence of Viridian's wrongful acts complained of herein.

   G.   Directing that the aforesaid amounts be multiplied or otherwise enhanced as authorized by law.

   H.   Awarding Viridian on its state law claims, compensatory damages in an amount to be determined at trial.

   I.   Awarding Viridian punitive damages in such amount as may be determined at trial.

   J.   Finding this to be an "exceptional case," because of the willful nature of these violations, and directing that New Holland pay Viridian the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

   K.   Granting Viridian such other and further relief as the Court may deem just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), DIRECTV respectfully demands a jury trial by jury of all issues triable by a jury.

Dated:  December 18, 2007             ____/s/ Daniel D. Frohling_____
                                      LOEB & LOEB LLP
                                      Daniel Frohling, Esq.
                                      Julie P. Samuels, Esq.
                                      321 North Clark Street, Suite 2300
                                      Chicago, IL 60610
                                      Tel : 312.464.3100
                                      Fax : 312.464.3111

                                      PROSKAUER ROSE LLP
                                      Michael T. Mervis, Esq.
                                      Jenifer deWolf Paine, Esq.
                                      1585 Broadway
                                      New York, NY 10036
                                      Tel.: 212.969.3000
                                      Fax: 212.969.2900

                                      Attorneys for Plaintiff Viridian Spirits LLC